ENYART et al., Appellants,

v.

COLUMBUS METROPOLITAN AREA COMMUNITY ACTION
ORGANIZATION, d.b.a CMACAO, et al., Appellees.

ENYART et al., Appellees,

v.

COLUMBUS METROPOLITAN AREA COMMUNITY ACTION
ORGANIZATION, d.b.a CMACAO, et al., Appellants.

[Cite as *Enyart v. Columbus Metro. Area Community
Action Org.* (1996), 115 Ohio App.3d 348.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 96APE01–39, 96APE01–42.

Decided Aug. 22, 1996.

350

*Brenda Alleman,* for Enyart et al.

*Otto Beatty, Jr.,* for Columbus Metropolitan Area Community Action Organization.

BOWMAN, Judge.

Both parties in this case filed separate appeals from a decision of the Franklin County Court of Common Pleas which ruled upon numerous motions. The cases were consolidated in this court for purposes of record filing, briefing and oral argument.

This case, which has an unnecessarily lengthy and convoluted history, arises from an action filed by plaintiff, William Enyart ("Enyart"), in September 1989, against his employer, defendant, Columbus Metropolitan Area Community Action Organization ("CMACAO"), alleging several causes of action. One of these causes of action was for wrongful discharge pursuant to R.C. 4123.90. Enyart alleged he was fired because he had filed a claim with the Ohio Bureau of Workers' Compensation for injuries he sustained as a result of an on-the-job accident. Enyart later filed an amended complaint which included the claims of his spouse ("Enyarts").

The case was referred to arbitration pursuant to Loc.R. 103 of the Court of Common Pleas of Franklin County, General Division. The trial court ruled that CMACAO was prohibited from calling witnesses at the arbitration hearing as a discovery sanction. The arbitration panel unanimously ruled in the Enyarts' favor and awarded $23,522.06. CMACAO filed a notice of appeal to the court of common pleas but failed to attach a certificate of service. The Enyarts filed a motion to dismiss the appeal, which was granted by the trial court. CMACAO then filed a Civ.R. 60(B) motion for relief from judgment, which was granted. The trial court filed a *nunc pro tunc* entry, journalizing the decision to grant

CMACAO's Civ.R. 60(B) motion. The Enyarts appealed. That appeal was dismissed for failure to file a brief. (Case No. 93APE10–1423.) The trial court then granted summary judgment in CMACAO's favor, and the Enyarts again appealed to this court.

In the Enyarts' second appeal, this court reversed the trial court and affirmed the arbitration award on the basis that CMACAO's summary judgment motion was not properly before the trial court, since the arbitrators' award had not been properly appealed because no certificate of service was included in the appeal and the Enyarts had not received it. See *Enyart v. Columbus Metro. Area Community Action Org.* (Sept. 6, 1994), Franklin App. No. 93APE12–1658, unreported, 1994 WL 485753 (*"Enyart I"*). In *Enyart I,* this court ordered the trial court to enter judgment for the Enyarts in the amount of $23,522.06 and to conduct hearings on the Enyarts' motions for attorney fees and sanctions, which had not been ruled upon by the trial court. CMACAO filed a notice of appeal, but the Supreme Court of Ohio declined jurisdiction. See *Enyart v. Columbus Metro. Area Community Action Org.* (1994), 70 Ohio St.3d 1414, 637 N.E.2d 11, and *Enyart v. Columbus Metro. Area Community Action Org.* (1995), 71 Ohio St.3d 1456, 644 N.E.2d 1028.

On June 6, 1995, the trial court entered judgment for the Enyarts but stayed that judgment and proceeded to entertain a Civ.R. 60(B) motion filed by CMACAO. The trial court also consolidated *Enyart I* with a separate case filed by CMACAO alleging that Enyart fraudulently received benefits under the workers' compensation system and fraudulently filed for unemployment benefits, Aid to Dependent Children, and Medicare and Medicaid benefits. (Franklin County Court of Common Pleas case No. 93CVD02–1298.) The Enyarts appealed the consolidation of these two cases in *Columbus Metro. Community Action Org. v. Enyart* (July 13, 1995), Franklin App. No. 94APE12–1802, unreported, 1995 WL 422648 (*"Enyart II"*). Although this appeal was dismissed for lack of a final, appealable order, this court in dicta did remind the trial court that judgment had been rendered in favor of the Enyarts in *Enyart I* and the matter had been remanded only for the purpose of conducting a hearing on attorney fees and sanctions.

Two more appeals were filed by the Enyarts, both of which were dismissed for lack of a final, appealable order. See Franklin App. Nos. 95APE06–767 and 95APE07–884.

Following remand of *Enyart II,* the trial court denied CMACAO's Civ.R. 60(B) motion and vacated the judgment which had consolidated the cases. CMACAO again filed a Civ.R. 60(B) motion claiming Enyart had committed fraud upon the court in testifying at the arbitration hearing that he had applied for workers' compensation benefits before he was terminated from his employment. CMA-

CAO appealed the denial of the Civ.R. 60(B) motion and the Enyarts filed a cross-appeal. In *Enyart v. Columbus Metro. Area Community Action Org.* (Mar. 29, 1996), Franklin App. No. 95APE08–1033, unreported, 1996 WL 145479 ("*Enyart III* "), this court found that CMACAO was not prejudiced by the dicta in *Enyart II* and that the trial court had properly denied CMACAO's CMACAO's Civ.R. 60(B) motion and properly vacated the prior consolidation. This court also found that, while fraud may be grounds for Civ.R. 60(B) relief, CMACAO was not entitled to such relief as there was no evidence of fraud under the facts of this case. The Enyarts' assignments of error raised in their cross-appeal were also overruled.

On July 31, 1995, the trial court referred motions to a hearing to be held by a magistrate. The motions included the Enyarts' December 2, 1991 motion for fees and request for hearing, the Enyarts' January 7, 1992 motion in contempt, the Enyarts' October 7, 1994 motion for prejudgment interest, CMACAO's October 24, 1994 motion to determine if plaintiff had been compensated, the Enyarts' October 31, 1994 motion for attorney fees and motion for sanctions, and the Enyarts' October 31, 1994 motion for attorney fees. On August 28, 1995, a hearing began but was continued to August 31, 1995.

On August 28, 1995, CMACAO filed an appeal from *Enyart II* in the Supreme Court of Ohio, but this appeal was dismissed for want of prosecution. See *Columbus Metro. Community Action Org. v. Enyart* (1996), 74 Ohio St.3d 1528, 660 N.E.2d 1223. On August 29, 1995, CMACAO filed the same five-branch motion in four pending cases: (1) this case in the common pleas court; (2) CMACAO's case involving fraud, Franklin County Court of Common Pleas case No. 93CVD02–1298, which is still pending; (3) case No. 95APE06–767 in this court, which case had been dismissed for lack of a final, appealable order, and the motion denied as moot; and (4) *Enyart III*. The motion sought to impose disciplinary measures, to prevent a breach of ethics, to require the Enyarts' counsel to withdraw, to do all other matters necessary to preserve the dignity of the court, and to hold hearings regarding any fraudulent pleadings, conduct or matters presented to the arbitration panel or court. On August 30, 1995, CMACAO filed a motion *in limine*, a motion to deny the Enyarts' attorney fees, and a motion to compel Enyart to appear for a deposition and for sanctions, including court reporter costs and attorney fees.

On August 31, 1995, the magistrate conducted the hearing. A report was issued and objections filed by both parties. The trial court ruled upon these objections in a decision dated December 11, 1995. The trial court held the following: that the Enyarts' December 2, 1991 motion for attorney fees be granted as expenses for efforts to obtain discovery in the amount of $250; that the Enyarts' January 7, 1992 motion in contempt be denied; that the Enyarts'

October 7, 1994 motion for prejudgment interest be denied; that CMACAO's October 24, 1994 motion to determine if the Enyarts had been compensated be denied; that the Enyarts' October 31, 1994 motion for sanctions, pursuant to Civ.R. 11, for frivolous conduct be denied; that the Enyarts' October 31, 1994 motion for attorney fees, pursuant to R.C. 2323.51, be denied; CMACAO's five-part motion of August 29, 1995 was denied; CMACAO's August 30, 1995 motion *in limine* and to deny attorney fees was determined to be moot; CMACAO's August 30, 1995 motion to compel and for sanctions was determined to be moot; the Enyarts' August 18, 1995 motion for attorney fees, pursuant to R.C. 2323.51, was denied; the stay of execution of judgment issued by the trial court on June 15, 1995, was vacated; and CMACAO's September 8, 1995 motion to compel release of records by Enyart was denied. Both parties appealed this decision.

In case No. 96APE01–39, the Enyarts raise the following assignments of error:

"Assignment of Error No. 1

"The trial court abused its discretion and committed reversible error when after the arbitration panel's judgment in favor of the plaintiffs was affirmed by the Court of Appeals and the Ohio Supreme Court it entertained and repeatedly set for hearing defendants' motion ' * * * to determine if plaintiff has been fully compensated under O.R.C. § 4123.90'. The trial court's jurisdiction was limited to issues on remand and to entertain other issues was prejudicial to the plaintiffs.

"Assignment of Error No. 2

"The trial court abused its discretion, committed reversible error, and prejudiced the plaintiffs when it denied 'plaintiff's [*sic*] motion to "vacate hearing scheduled for August 28, 1995 and to stay proceedings, filed August 21, 1995'" and the magistrate conducted hearings on August 28 and 31, 1995 when the matter was on appeal in the court of appeals.

"Assignment of Error No. 3

"The trial court erred in 'modifying and adopting as modified magistrate's September 11, 1995 report' when such report was made without jurisdiction, when the magistrate's findings of fact were challenged by the plaintiffs, when the magistrate's conclusions were contrary to law, and against the manifest weight of the evidence.

"Assignment of Error No. 4

"The trial court's decision granting 'defendants' November 10, 1994 motion, listed as 'November 14, 1994 motion for disclosure of all costs and claims for attorney fees' is an abuse of discretion.

"Assignment of Error No. 5

"The trial court's decision '... otherwise denying plaintiff's December 2, 1991 motion for attorney fees; denying plaintiff's January 7, 1992 motion in contempt' is an abuse of discretion, contrary to law, and against the manifest weight of the evidence.

"Assignment of Error No. 6

"The trial court's decision to deny plaintiff's [*sic*] attorney fees in accordance with O.R.C. 4123.90 and as referred by the arbitration panel is an abuse of discretion, contrary to law, and against the manifest weight of the evidence.

"Assignment of Error No. 7

"The trial court's decision 'denying plaintiffs' motion for prejudgment interest' is an abuse of discretion and contrary to law.

"Assignment of Error No. 8

"The trial court abused it discretion when it allowed defendants throughout the litigation of this case to continually engage in practices flagrantly in violation of the local rules of practice and prejudicial to the plaintiffs; granted defendants' on more than one occasion exparte [*sic*] orders prejudicial to the plaintiffs including the entry of an ex-parte [*sic*] stay on its final judgment order, dated June 5, 1995, as mandated by the court of appeals; entertained, prejudicially to the plaintiffs, defendants' second and improper motion, allegedly pursuant to Civ.R. 60, for one (1) year; did not confine the matters before it to those issues on remand by the appellate court; and failed to reimburse the plaintiffs pursuant to Civ.R. 11 and O.R.C. § 2323.51 for the reasonable attorney fees and costs they incurred as a result of defendants' frivolous conduct."

CMACAO filed a notice of appeal and, in case No. 96APE01–42, raises the following assignments of error:

"I. The trial court erred in its denial of CMACAO's motion to determine if Enyart had been fully compensated.

"II. The trial court erred when it denied CMACAO's motion to compel a release of records by Enyart.

"III. The trial court erred when it granted attorney's fees to Enyart in Enyart's December 1, 1991 motion for attorney fees.

"IV. Local Rule 103 compulsory arbitration denied persons the fundamental right to due process and a jury trial, and thus the court had no jurisdiction to compel arbitration when there was no agreement by all parties.

"V. An attorney has a duty to reveal that a fraud has been perpetrated on the court during the course of her representation.

"VI. Even assuming arguendo there was jurisdiction and local Rule 103 is constitutional, the court still has statutory mandate to vacate the arbitration award."

By the first assignment of error, the Enyarts contend that the trial court erred in setting for hearing CMACAO's motion to determine if the Enyarts had been fully compensated when the arbitration award had already been affirmed on appeal and judgment entered by this court in *Enyart I*. This assignment of error is the same as the first assignment of error raised and overruled in *Enyart III*, and five months later the answer remains the same. The mere setting of a motion for hearing does not constitute reversible error. *Enyart III* at 12. However, the Enyarts also seem to argue that the trial court, in conducting the hearing upon CMACAO's motion to determine if the Enyarts had been fully compensated, exceeded its jurisdiction. The trial court denied the motion, determining it had no discretion to entertain the motion since the issue of the propriety of the amount of the arbitration award amount had been affirmed by this court. Thus, the Enyarts have not been prejudiced by the magistrate's taking evidence on the issue since the trial court denied the motion. The Enyarts' first assignment of error is not well taken.

By the second assignment of error, the Enyarts contend that the trial court erred by denying their motion to vacate the hearing that was scheduled for August 28, 1995, when the matter was on appeal in this court. In essence, by this assignment of error and by the third assignment of error, the Enyarts contend that the trial court did not have jurisdiction to conduct the hearing since the matter was pending in this court and the Supreme Court of Ohio.

"When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 15, 661 N.E.2d 170, 174, citing *Howard v. Catholic Soc. Serv. of Cuyahoga Cty., Inc.* (1994), 70 Ohio St.3d 141, 147, 637 N.E.2d 890, 895. "Absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging the court's jurisdiction has an adequate remedy at law by appeal." *State ex rel. Enyart v. O'Neill* (1995), 71 Ohio St.3d 655, 656, 646 N.E.2d 1110, 1112.

In this court, on August 29, 1995, CMACAO's five-branch motion was pending in case No. 95APE06–767, although the case had already been dismissed on July 20, 1995. That same motion was also pending in case No. 95APE08–1033, in *Enyart III*. CMACAO's appeal from *Enyart II* was also pending in the Supreme Court of Ohio.

The motions which were referred to the magistrate for the August 1995 hearing are as follows: the Enyarts' December 2, 1991 motion for fees and request for hearing; the Enyarts' January 7, 1992 motion in contempt; the Enyarts' October 7, 1994 motion for prejudgment interest; CMACAO's October 24, 1994 motion to determine if plaintiff had been compensated; the Enyarts' October 31, 1994 motion for attorney fees and motion for sanctions; and the Enyarts' October 31, 1994 motion for attorney fees. See decision dated July 31, 1995, journalized August 1, 1995.

The December 2, 1991 motion for attorney fees was filed as a result of efforts made to obtain discovery from CMACAO. The motion in contempt was requested because CMACAO failed to follow the order of the court to provide requested discovery. The Enyarts filed a motion for prejudgment interest upon the arbitration award pursuant to R.C. 1343.03(A). CMACAO filed a motion to determine if the Enyarts had been fully compensated and if the arbitration award properly offset payments made to the Enyarts for unemployment compensation. The Enyarts' October 31, 1994 motion for attorney fees and sanctions, pursuant to Civ.R. 11, contended that CMACAO's action in requesting a hearing to determine if the Enyarts had been fully compensated was frivolous.

These motions, which were at issue during the hearing, were not ones which would be inconsistent with the reviewing courts' jurisdiction to reverse, modify or affirm the judgment. Thus, the trial court had jurisdiction to entertain these motions and did not abuse its discretion in denying the Enyarts' motion to vacate the hearing. The Enyarts' second assignment of error and the part of the third assignment of error raising the issue of jurisdiction are not well taken.

By the rest of the third assignment of error, the Enyarts contend that the trial court erred in adopting, as modified, the magistrate's report because the magistrate's conclusions were contrary to law and against the manifest weight of the evidence. The Enyarts also argue that the trial court failed to conduct the necessary independent review before ruling on the objections. As the trial court found, the Enyarts failed to make their objections with the required degree of specificity and particularity. Civ.R. 53(E)(3)(b). The court's decision and entry of December 11, 1995 shows it fully met its responsibilities pursuant to Civ.R. 53.

■ Likewise, the Enyarts' assertions in their third assignment of error, other than as to the issue of jurisdiction, are too vague and overbroad and do not state with specificity the basis for the claimed error. App.R. 12, 16. It is not this court's function to try to guess the errors of which an appellant complains. Therefore, the Enyarts' third assignment of error is not well taken.

■■ By the fourth assignment of error, the Enyarts contend that the trial court abused its discretion in granting CMACAO's motion for disclosure of all

costs and claims for attorney fees in its May 17, 1995 Decision and Entry. The Enyarts also argue that the trial court never set for hearing their motion for attorney fees, pursuant to R.C. 4123.90, and it was an abuse of the trial court's discretion to require them to submit time sheets and other records supporting their claim for attorney fees when the matter had not been set for hearing. While the Enyarts are correct that the R.C. 4123.90 attorney-fees issue was not set for hearing, three other motions for attorney fees were pending for hearing before the trial court. The other three motions included (1) the Enyarts' December 2, 1991 motion for attorney fees, which was filed as a result of efforts to obtain discovery from CMACAO and which was supported by a statement of legal services from the Enyarts' former counsel; (2) the Enyarts' October 31, 1994 motion for attorney fees pursuant to R.C. 2323.51 for frivolous conduct; and (3) the Enyarts' August 18, 1995 motion for attorney fees, also filed pursuant to R.C. 2323.51. These latter two motions were not supported by evidence. It was not an abuse of discretion to require the Enyarts to produce evidence supporting these other motions for attorney fees. The burden of demonstrating that the time was fairly and properly used and the reasonableness of the work hours devoted to the case rests upon the Enyarts' attorney. *Climaco, Seminatore, Delligatti & Hollenbaugh v. Carter* (1995), 100 Ohio App.3d 313, 323, 653 N.E.2d 1245, 1251–1252. Further, R.C. 2323.51(B)(5) requires such evidence.

 Attorneys are required to provide evidence of the services rendered and evidence of the reasonable value of such services. *In re Estate of Verbeck* (1962), 173 Ohio St. 557, 558, 20 O.O.2d 163, 164, 184 N.E.2d 384, 385. Although a statement of legal services was submitted to support the December 2, 1991 motion for attorney fees, no affidavit or testimony from the Enyarts' former counsel was provided to support the reasonableness of the fees. Although the magistrate, in his decision, referred to an affidavit, none appears in the record. While the better practice is to receive testimony regarding the reasonableness of fees, a trial court under some circumstances is permitted to use its own knowledge in reviewing the record to determine the reasonableness and necessity of the services rendered. *Dillon v. Dillon* (Sept. 20, 1988), Franklin App. No. 88AP–232, unreported, 1988 WL 99324, citing *Ward v. Ward* (June 18, 1985), Franklin App. No. 85AP–61, unreported, 1985 WL 10335.

 The magistrate in this case found no indication that the efforts to obtain discovery were so unusual as to substantiate the amount of the requested attorneys' fees. It is within the trial court's discretion to determine the reasonable amount of attorney fees to be awarded based upon the value of the services performed. *King v. Cantrell* (Mar. 9, 1976), Franklin App. No. 75AP–404, unreported, 1976 WL 41402. The motion to compel discovery does not identify any unique discovery problems and presents no evidence of research. The

motion merely lists the information sought and attempts to obtain that information. Further, some of the items listed in the Enyarts' former counsel's statement for fees appear duplicative. For example, clerical fees and copying costs are generally included within the hourly rate. Assuming, without deciding, that mere presentation of a bill is sufficient to support a claim for attorney fees, we find no abuse of discretion in awarding $250 for the December 2, 1991 motion for attorney fees. The Enyarts' fourth assignment of error is well taken as to the failure to set the R.C. 4123.90 attorney fees issue, but is not well taken concerning the other motions for attorney fees.

██ By the fifth assignment of error, the Enyarts contend that the trial court abused its discretion by denying their motion for attorney fees other than the $250 awarded, and by denying their January 7, 1992 motion in contempt. The Enyarts stated that they objected to the magistrate's report on the grounds that the report is "contrary to Ohio law, is contrary to the manifest weight of the evidence, and there are inaccuracies in the Magistrate's findings of fact." Also, the Enyarts stated that the court, through the magistrate, "wrongly exercised its jurisdiction by conducting hearings on August 28, 1995 and on August 31, 1995, over the objections of both parties, on matters that are on appeal in the Court of Appeals." The Enyarts failed to provide specifics or further argument in support of these contentions. As discussed in relation to the third assignment of error, since the Enyarts failed to file specific objections to the magistrate's report, they are precluded from raising these issues on appeal. See Civ.R. 53(E)(3)(b). The Enyarts' fifth assignment of error is not well taken.

██ By the sixth assignment of error, the Enyarts contend that the trial court's decision to deny them attorney fees in accordance with R.C. 4123.90 was an abuse of discretion. The Enyarts argued in their fourth assignment of error that the trial court had not set the matter for hearing. This court cannot find any ruling in the December 11, 1995 decision granting or denying the attorney fees requested pursuant to R.C. 4123.90. In *Enyart I*, this court ordered the trial court to enter judgment for the Enyarts, which it has done, and to conduct hearings on the Enyarts' motions for attorney fees in relation to R.C. 4123.90. Although the trial court did conduct hearings upon the Enyarts' December 2, 1991 motion for attorney fees, as discussed above, and the Enyarts' October 31, 1994 and August 18, 1995 motions for attorney fees pursuant to R.C. 2323.51, the trial court failed to conduct a hearing and rule upon the Enyarts' motion for attorney fees pursuant to R.C. 4123.90. Considering the extensive and convoluted filings and long history of this case, it is understandable that the R.C. 4123.90 application for attorney fees was overlooked; nonetheless the trial court is required to conduct a hearing on this issue. Since the trial court has not granted or denied the motion, the Enyarts' sixth assignment of error is well taken only to

the extent it is necessary to remand this issue to the trial court to conduct such a hearing as required by *Enyart I.*

By the seventh assignment of error, the Enyarts contend that the trial court erred in denying their motion for prejudgment interest. Again, the Enyarts failed to file a specific objection to the magistrate's report and are, therefore, precluded from raising this issue on appeal pursuant to Civ.R. 53(E)(3)(b). The Enyarts' seventh assignment of error is not well taken.

Just as in *Enyart III*, the eighth assignment of error seems to be more of a laundry list of grievances about the course of conduct pursued by CMACAO than a specification of potentially reversible error. Many of the issues raised have already been addressed in the other assignments of error, and the *ex parte* order staying the judgment has already been vacated. The Enyarts do not raise any specific issues which would constitute reversible error, and their eighth assignment of error is not well taken.

By the first assignment of error raised in case No. 96APE01–42, CMACAO contends that the trial court erred in its denial of CMACAO's motion to determine if the Enyarts had been fully compensated. CMACAO filed this motion in an effort to attack the amount of the arbitration award to determine if proper setoffs had been accounted for, as required by R.C. 4123.90 for payments made and received pursuant to R.C. 4123.56 and R.C. Chapter 4141. The trial court denied the motion on the basis that it has no discretion to entertain the motion because the propriety of the amount of the arbitration award, which was affirmed by this court, can only be entertained by this court or the Supreme Court of Ohio.

This court affirmed the arbitration award in *Enyart I* and ordered the trial court to enter judgment in the Enyarts' favor. The Supreme Court of Ohio declined jurisdiction. Where the Supreme Court refuses jurisdiction following the issuance of an opinion by a court of appeals, the court of appeals' opinion becomes the law of the case. *Hubbard ex rel. Creed v. Sauline* (1996), 74 Ohio St.3d 402, 405, 659 N.E.2d 781, 784. The law of the case precludes a litigant from attempting to rely on arguments which were pursued, or available to be pursued, in a first appeal. New arguments are barred by issue preclusion. *Id.* at 404–405, 659 N.E.2d 781, 784, citing *Beifuss v. Westerville Bd. of Edn.* (1988), 37 Ohio St.3d 187, 191, 525 N.E.2d 20, 24. As this court discussed in *Enyart III*, the law of the case doctrine is defined as follows:

" ' " [A] decision of a reviewing court in a case remains the law of that case on the legal questions involved *for all subsequent proceedings* in the case at both the trial and reviewing levels. * * *" ' *Hawley v. Ritley* (1988), 35 Ohio St.3d 157,

160, [519 N.E.2d 390, 393] quoting *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, at 3–4 [11 OBR 1, at 2–4, 462 N.E.2d 410, at 412–414]. (Emphasis added.)"

In *Enyart III*, this court determined that CMACAO's argument that Enyart committed fraud was not well taken since the record in the instant action, as well as case law, supports a finding that Enyart pursued or initiated workers' compensation proceedings prior to the date of his termination.

The trial court was correct that it had no discretion to entertain a motion attacking the propriety of the arbitration award. The award has been appealed and affirmed, and CMACAO is precluded from raising new arguments, or repeating old ones, to attack it. Therefore, CMACAO's first assignment of error is not well taken.

By the second assignment of error, CMACAO contends that the trial court erred when it denied CMACAO's motion to compel a release of records by Enyart. CMACAO sought records of payments and dates from the Ohio Bureau of Employment Compensation and the County Department of Human Services. CMACAO also sought to compel Enyart to submit to a deposition after the records were obtained. The trial court held that, since CMACAO's motion to determine if the Enyarts had been fully compensated was denied, the motion to compel was moot. Since we have found that the motion to determine if the Enyarts had been fully compensated was properly denied, the trial court also properly denied the motion to compel. CMACAO's second assignment of error is not well taken.

By the third assignment of error, CMACAO contends that the trial court erred when it granted the Enyarts' motion for attorney fees. As discussed above, we found that the trial court did not abuse its discretion in granting $250 to the Enyarts. CMACAO's third assignment of error is not well taken.

By the fourth assignment of error, CMACAO contends that Loc.R. 103 arbitration denied CMACAO its rights to due process and a jury trial. This is an issue which should have been raised much earlier in these proceedings. Arguments or claims which could or should have been raised earlier are barred by *res judicata*. "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. Thus, *res judicata* bars CMACAO from raising this issue. Furthermore, CMACAO fails to note that Loc.R. 103.01(C) provides that a party who wishes to oppose arbitration shall file a memorandum in opposition within fourteen days of the service of the entry to arbitrate. CMACAO did not file such a memorandum. Also, Loc.R. 103.14(A) provides that any party may appeal from the action of the arbitration board. Loc.R. 103.14(B) provides that any case which has been duly appealed

shall be tried *de novo*. In *Lowe v. Howard* (Aug. 20, 1992), Franklin App. No. 92AP–192, unreported, 1992 WL 208921, this court held that a failure to comply with Loc.R. 103.02 constitutes a waiver of argument that the trial court erred in forcing a party to submit to arbitration proceedings. CMACAO's fourth assignment of error is not well taken.

By the fifth assignment of error, CMACAO contends that an attorney has a duty to reveal that another attorney has perpetrated a fraud on the court during the course of her representation. While we agree in general with CMACAO's statement, in *Enyart III,* this court found that CMACAO's theory of fraud had no basis. Therefore, CMACAO's contention that the Enyarts' attorney has violated the Code of Professional Responsibility as to perpetrating a fraud on the court has no basis. Thus, CMACAO's fifth assignment of error is not well taken.

By the sixth assignment of error, CMACAO contends that the trial court had a duty to vacate the arbitration award where fraud and undue means occurred. Once again, CMACAO states that the arbitration award was based on fraud, but this court determined in *Enyart III* that CMACAO's theory had no basis. CMACAO repeats the same arguments related to *Bryant v. Dayton Casket Co.* (1982), 69 Ohio St.2d 367, 23 O.O.3d 341, 433 N.E.2d 142, that it made and this court rejected in *Enyart III.* CMACAO still contends that the arbitration award was based on fraud due to a misreading of *Bryant,* and that this court should remand the case with instructions to proceed on its Civ.R. 60(B) motions and the motion to determine if the Enyarts had been fully compensated. What CMACAO apparently refuses to give recognition to is that these issues have already been before this court and ruled upon. The Enyarts have obtained a judgment from the arbitration panel of $23,522.06, which can no longer be attacked. CMACAO's sixth assignment of error is not well taken.

For the foregoing reasons, the Enyarts' first, second, third, fifth, seventh and eighth assignments of error are overruled, and the Enyarts' fourth and sixth assignments of error are sustained in part and overruled in part. CMACAO's six assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed in part, but reversed to the extent the trial court failed to hold a hearing upon the Enyarts' application for attorney fees pursuant to R.C. 4123.90. This cause is remanded to that court with instructions to hold a hearing only for the purpose of determining the Enyarts' reasonable attorney fees as required by R.C. 4123.40.

*Judgment affirmed in part,*
*reversed in part*
*and remanded with instructions.*

PEGGY BRYANT and LAZARUS, JJ., concur.