JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 25, the records from the court of common pleas, the briefs and oral argument of counsel.
Plaintiff DJL, Inc., doing business as Country Lakes Party Center, brought this breach of contract action against defendant Stacy Clark after she cancelled plans for a wedding reception to be held at the party center. The contract between the parties contained a liquidated damages clause which provided for a sliding scale of damages depending on when defendant cancelled the scheduled event. Based on that clause, the party center sought damages of $3,015, in addition to a $1,150 non-refundable security deposit which it retained. A magistrate heard the matter and found the liquidated damages portion of the contract unenforceable because "$1,150 is sufficient profit for not putting on the event." (emphasis added).
A procedural quirk exists that prevents our reaching the merits. After the magistrate issued his decision, the party center immediately appealed that decision. We dismissed the appeal for want of final, appealable order because the municipal court had not adopted the magistrate's decision as required by Civ.R. 53(E)(3)(b). Upon remand, the party center filed a motion with the court styled, "Motion to Adopt Magistrate's Decision." The motion asked the court to adopt the magistrate's decision so that an appeal could be heard. The court complied.
Civ.R. 53(E)(3)(b) states, "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Hence, a party cannot complain on appeal about a magistrate's decision unless he filed objections with the court. Quill v. R.A. Investment Corp. (1997), 124 Ohio App.3d 653,664; Enyart v. Columbus Metro. Area Community ActionOrg. (1996), 115 Ohio App.3d 348, 359. The failure to file objections is not a jurisdictional bar to appeal, but it is a failure to exemplify error as required by App.R. 9. See Proctor v.Proctor (1988), 48 Ohio App.3d 55, 58-59; East Cleveland v. Echols
(Dec. 2, 1999), Cuyahoga App. No. 74941, unreported.
We realize the party center's motion asking the court to adopt the magistrate's decision was intended solely to create a final, appealable order and we do not take it as an affirmative request to adopt the factual and legal conclusions stated in the decision. Nonetheless, a party taking issue with a magistrate's decision has the duty to state "specific objections and state with particularity the grounds of the objection." See Civ.R. 53(E)(3)(b). Because the record below does not reveal the finding(s) of fact or conclusion(s) of law to which the party center took exception, we cannot disturb the judge's adoption of the magistrate's decision. The assigned error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., ANNE L. KILBANE, J., CONCUR.
 _______________________________ JOHN T. PATTON, PRESIDING JUDGE