OPINION
Appellant Randall B. Kelley appeals the decision of the Holmes County Court of Common Pleas which granted summary judgment in favor of Appellee Holmes County Sheriff's Department. The relevant facts leading to this appeal are as follows. Appellant filed a pro se action on June 1, 1998, alleging that appellee violated his civil rights while he was incarcerated in the Holmes County jail. Specifically, appellant alleged that appellee refused him access to legal materials and certain information during incarceration. On June 30, 1998, appellee filed an answer denying the allegations and asserting that appellant's complaint failed to state a cause of action upon which relief could be granted. On July 2, 1998, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6). On July 21, 1998, the trial court held a hearing on said motion. At the hearing, appellant indicated that he desired to amend his complaint to allege violations of 42 U.S.C. § 1983; therefore, trial court granted plaintiff leave of fourteen days to amend the complaint and denied the motion to dismiss. On July 27, 1998, appellant filed an "ammendment (sic) to complaint." Appellee answered the amended complaint on August 24, 1998. On September 14, 1998, appellant filed a request for sanctions against appellee regarding discovery issues. On that same date, appellant filed a document wherein he indicated that he "wish[ed] to file a writ of mandamas (sic)" in order to obtain information from the Holmes County Prosecutor. On October 8, 1998, the trial court issued an order denying appellant's petition for mandamus for want of compliance with R.C. 2731.02. The next day, trial court denied appellant's request for sanctions, noting "in order for defendant to obtain evidence wrongfully withheld in a county court prosecution, defendant must apply to the county court," rather than the court of common pleas. Journal Entry, October 9, 1998, at 1. On December 9, 1998, appellant again filed a petition for a writ of mandamus. The trial court again denied his petition on January 7, 1999. On January 29, 1999, appellee filed a motion for summary judgment. Attached to the motion was an affidavit of Holmes County Deputy Nathan Fritz, wherein he averred that during the appellant's incarceration "he was provided with adequate, effective and meaningful access to legal materials." On March 1, 1999, the magistrate filed a decision finding that appellee was entitled to judgment in its favor as a matter of law and dismissed appellant's complaint. On March 16, 1999, the trial court judge adopted the magistrate's decision as an order of the court. On April 14, 1999, appellant filed a notice of appeal and herein raises the following six Assignments of Error:
 I. SUMMARY JUDGEMENT (SIC) WAS THE WRONG STANDARD TO USE FOR THE DISMISSAL OF COMPLAINT[.]
II. PLAINTIFF WAS DENIED ADEQUATE DISCOVERY[.]
 III. HOLMES COUNTY OFFICIALS COMITTED (SIC) PERJURY TO INFLUENCE COURT HEARINGS IN THEIR FAVOR.
 IV. PLAINTIFF WHILE FILING PRO S.E. IN COMMON PLEAS COURT WAS HELD TO STRICT STANDARD OF FILINGS THAT IS APPLIED TO ATTORNEYS WHILE THE DEFENDANT'S MOTIONS WERE LIBERALY (SIC) CONSTRUED AS NEEDED TO DENY PLAINTIFF DUE PROCESS.
 V. PLAINTIFF WAS DENIED MEANINGFUL ACCESS TO TO (SIC) THE COURTS, PLAINTIFF WAS DENIED LEGAL BOOKS AND MATERIALS BEFORE AND DURING THIS COURT ACTION WHICH HINDERED PLAINTIFF IN FROM (SIC) PRESENTING HIS COMPLAINT TO THE COURT IN AN EFFECTIVE MANNER.
VI. PLAINTIFF WAS DENIED NOTICE OF RULES.
 I, III, V, VI
In his First, Third, Fifth, and Sixth Assignments of Error, appellant essentially argues that the record does not support the granting of summary judgment in favor of appellee. However, we are unable to address appellant's arguments in these Assignments of Error due to his failure to timely file objections to the magistrate's decision. Civ.R. 53(E)(3)(a) provides that a party may, if he or she so desires, file objections to a magistrate's decision within fourteen days of the filing of the decision. Further, Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." See, e.g., Stamatakis v. Robinson (January 27, 1997), Stark App. No. 96CA303, unreported; Kademenos v. Mercedes-Benz of North America, Inc. (March 3, 1999), Stark App. No. 98CA50, unreported. We note that authority exists in Ohio law for the proposition that appellant's failure to object to the magistrate's decision does not bar appellate review of "plain error." See R.G. Real Estate Holding, Inc. v. Wagner (April 24, 1998), Montgomery App. No. 16737, unreported; Timbercreek Village Apts. v. Myles (May 28, 1999), Montgomery App. No. 17422, unreported. However, the Supreme Court has cautioned against excessive application of plain error analysis: We do not hold that application of the plain error doctrine may never be appropriate in civil cases. However, we do reaffirm and emphasize that the doctrine is sharply limited to the extremely rare case involving exceptional circumstances where the error, left unobjected to at the trial court, rises to the level of challenging the legitimacy of the underlying judicial process itself. (Emphasis omitted.) Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 122.
Despite appellant raising the specter of perjury, we conclude that appellant's arguments go to the issue of whether there exists support in the record for the trial court's conclusion that summary judgment was warranted. Upon review of the record, we are unable to justify invoking the doctrine of plain error under these circumstances. Goldfuss, supra. Therefore, appellant's failure to file an objection to the magistrate's report in the trial court constituted a waiver of any alleged error resulting from the magistrate's report under the circumstances of this case. Appellant's First, Third, Fifth, and Sixth Assignments of Error are overruled.
 II
In his Second Assignment of Error, appellant contends that he was denied adequate discovery. He cites as authority Dean v. Baker (C.A. 11, 1992), 951 F.2d 1210, for the proposition that summary judgment is inappropriate without adequate opportunity for discovery. Under Ohio law, absent an abuse of discretion, an appellate court must affirm a trial court's disposition of discovery issues. State ex rel. The V Cos. v. Marshall, (1998),81 Ohio St.3d 467. Moreover, in order for appellant to challenge, on such procedural grounds, the trial court's grant of summary judgment, he again must demonstrate that he raised the issue by filing objections to the magistrate's report. See, e.g., Enyart v. Columbus Metro. Area Community Action Org. (1996), 115 Ohio App.3d 348,359. Therefore, as in our holding regarding appellant's previous arguments, appellant's failure to file an objection to the magistrate's report in the trial court constituted a waiver of any alleged error resulting from the magistrate's report under the circumstances of this case. Appellant's Second Assignment of Error is overruled. IV In his Fourth Assignment of Error, appellant essentially contends that the trial court failed to take into account his pro se status and treated his pleadings in an overly stringent manner. Although this assigned error is arguably treatable as per our holdings above, we have reviewed the pleadings and record herein, and find no merit in appellant's claims. The trial court permitted appellant to amend his original complaint to allege violations of 42 U.S.C. § 1983, and thereafter afforded appellant participation in the case management conference. The court also gave appellant the chance to supplement his first mandamus petition with briefs or other supporting documents. The court furthermore duly considered and addressed appellant's request for sanctions, his second mandamus petition, and other filings. Appellant has thus provided no substantiation to overcome the presumption of regularity in the proceedings below, as articulated in Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. Appellant's Fourth Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Holmes County, is hereby affirmed.
 ____________________ Wise, J.
By: Gwin, P.J., and Edwards, J., concur.