OPINION
Appellant, Bay West Paper Corporation, appeals from four different adverse rulings of the Environmental Review Appeals Commission ("the commission"). For the following reasons, we affirm.
On October 30, 1997, the Ohio Environmental Protection Agency ("OEPA") issued an Authorization to Discharge Under the National Pollutant Discharge Elimination System ("NPDES permit") to appellant. The NPDES permit allowed appellant, the operator of a paper mill located in Middletown, Ohio, to discharge industrial wastewater into the Great Miami River.
Unhappy with the terms of the permit, appellant filed a notice of appeal with the commission on November 12, 1997. In the notice of appeal, appellant assigned two errors:
 1. The Director acted unlawfully and/or unreasonably in imposing the BOD5 effluent limitations set forth in Part II, Paragraph J of the final NPDES permit.
 2. The Director acted unlawfully and/or unreasonably in reducing the ammonia limitations in Part I, A of the final NPDES permit without granting the corresponding increases in BOD5 proposed by Bay West.
On September 21, 1998, the parties submitted cross-motions for partial summary disposition (i.e., partial summary judgment) addressing appellant's Assignment of Error One. Both motions focused on whether BOD, or "biochemical oxygen demand," is a "regulated pollutant" under Ohio's antidegradation rule, Ohio Adm. Code 3745-1-05. The parties disputed this issue because the NPDES permit included BOD5 effluent limitations, which curtailed the amount of wastewater that appellant could emit, depending upon the river flow and temperature.
Prior to the issuance of the 1997 NPDES permit, appellant had requested that the BOD limits in the permit be increased from the BOD limits specified in an earlier NPDES permit. The OEPA Director, however, refused to allow an increase of the BOD limits because no antidegradation review was conducted. In their motion for partial summary disposition, appellant argued that the antidegradation review was not necessary because BOD was not a "regulated pollutant," as defined in Ohio Adm. Code 3745-1- 05(A)(21).
On June 3, 1999, the commission issued a ruling on the parties' cross-motions, in which it concluded that the director acted lawfully and reasonably in establishing BOD limits, and in determining that any increase in these limits would require an antidegradation review. Accordingly, the commission affirmed the director as to appellant's Assignment of Error One.
Thereafter, appellant appealed the commission's ruling on its merits to this court. In an opinion issued May 23, 2000, this court concluded that the June 3, 1999 ruling was not a final order, given that appellant's Assignment of Error Two remained pending before the commission. Therefore, this court dismissed the appeal.
On December 1, 2000, appellant filed a "Request for Clarification of Ruling on Motion for Partial Summary Judgment" before the commission. In this motion, appellant requested that the commission clarify whether it intended to foreclose appellant's ability to assert any and all arguments under Assignment of Error One when it issued its June 3, 1999 ruling. Appellant maintained that, in its June 3, 1999 ruling, the commission had only resolved one issue in this allegedly multi-issue assignment of error. In the alternative, appellant requested leave to amend its notice of appeal to add additional grounds challenging the director's refusal to increase the BOD effluent limitations in the NPDES permit.
In a ruling issued January 3, 2001, the commission concluded that the record demonstrated that the parties had requested, and received, a ruling that disposed of Assignment of Error One in its entirety. Therefore, the commission held that no issues related to Assignment of Error One remained for adjudication.
Undeterred by this ruling, appellant filed a "Motion for Leave to Amend Notice of Appeal" on February 23, 2001. Because appellant's two proposed assignments of error were only more specific variations of the argument advanced by Assignment of Error One, the commission denied appellant's motion. On August 16, 2001, appellant filed a "Motion for Reconsideration of Summary Judgment," in which it argued that "newly discovered evidence" established the existence of genuine issues of material fact with regard to Assignment of Error One. Appellant also asserted that the commission's summary judgment ruling was unjust because it prevented appellant from substantively addressing all issues related to Assignment of Error One.
Once again, the commission denied appellant's motion. In its September 6, 2001 ruling, the commission again examined the record and determined that the parties requested, and received, a decision as to the entirety of Assignment of Error One. The commission noted that the "newly discovered evidence" that appellant relied upon was available prior to the filing of the cross-motions for summary disposition. Furthermore, appellant represented in its motion for partial summary disposition that there were no issues of material fact with respect to Assignment of Error One.
On September 21, 2001, appellant filed a "Motion to Dismiss Assignment of Error Two." (Appellant filed an "Amended Motion to Dismiss Assignment of Error Two" on October 10, 2001.) Granting appellant's motion on October 17, 2001, the commission also issued final judgment on Assignment of Error One. Appellant then filed this appeal.
On appeal pursuant to R.C. 3745.06, appellant assigns the following errors:
Assignment of Error No. 1
 The Environmental Review Appeals Commission erred when it held that its June 3, 1999, ruling granting the Director's Cross-Motion for Partial Summary Judgment had resolved all of the issues embodied within Bay West's Assignment of Error No. One, and when it refused to acknowledge that Bay West had, at worst, used some misleading language in the characterization of its Cross-Motion for Partial Summary Judgment.
Assignment of Error No. 2
 The Environmental Review Appeals Commission erred in denying Bay West's Motion for Leave to Amend its Notice of Appeal to clarify the scope of Assignment of Error
 No. One, when (1) the parties had jointly notified the Commission before it issued its June 3, 1999, decision that other issues remained for resolution within the broadly-stated Assignment of Error No. One, (2) discovery between the parties had not started at the time the Motion was submitted, and (3) the Director neither claimed nor demonstrated that he would be prejudiced by clarification of the remaining issues embodied within Assignment of Error No. One.
In an appeal from an order of the commission, this court "shall affirm the order complained of * * * if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 3745.06. Reliable, probative and substantial evidence has been defined as follows:
 * * * (1) "Reliable" evidence is dependable; that is, it can be competently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value. [Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570, 571.]
By its first assignment of error, appellant contends that the commission should have decided only the narrow issue presented by the cross-motions for partial summary disposition and not disposed of the entire Assignment of Error One. In advancing this argument, appellant acknowledges that it used broad language in its Assignment of Error One and motion for partial summary disposition, but it asserts that the parties and the commission understood that Assignment of Error One actually contained a number of "sub-issues." Appellant asserts that only one of these "sub-issues" was before the commission for summary disposition.
In considering this argument, we first examine the record. On June 18, 1998, the parties convened in a prehearing conference before Chairman Toni E. Mulrane. According to the June 23, 1998 order resulting from that conference, the parties were told during the conference that they could file a joint stipulation and cross-motions "regarding the antidegredation [sic] issue." In the meantime, the parties were told to file a joint status report "regarding the remaining issue in this matter." Thus, from this order, it is apparent that both the commission and the parties viewed this matter as a two issue case, and Assignment of Error One was otherwise known and referred to as the "antidegradation issue." The second issue was raised in Assignment of Error Two.
On September 21, 1999, the parties submitted cross-motions for partial summary judgment. In its motion, appellant stated:
 Appellant, Bay West Paper Corporation ("Bay West"), hereby submits this Motion for Summary Disposition with respect to the first Assignment of Error set forth in its Notice of Appeal. As discussed fully below, there are no material issues of fact with respect to the first Assignment of Error, and Bay West is entitled to judgment on that Assignment of Error as a matter of law.
Appellant further stated that "[t]he relevant facts with respect to this matter are not in dispute." In so stating, appellant included a footnote clarifying that, by "this matter," it meant only Assignment of Error One. In the "Issue Presented" section of appellant's motion, it represented:
 In its first Assignment of Error, Bay West asserts that "the Director [of Ohio EPA] acted unlawfully and/or unreasonably in imposing the BOD5 effluent limitations set forth in Part II, Paragraph J of the final NPDES permit." Specifically, Bay West asserts that the Director acted unlawfully in rejecting Bay West's request for revisions to the BOD5 effluent limitations, because the Director incorrectly determined that any increase in BOD5 limitations would be subject to the antidegradation rule.
Nowhere in appellant's motion did appellant indicate or even suggest that other "sub-issues" remained to be addressed under Assignment of Error One. Rather, it is apparent that the alleged non-applicability of the antidegradation rule was the only argument advanced by appellant for why "the Director acted unlawfully and/or unreasonably in imposing the BOD5 effluent limitations" contained in the permit.
Like appellant's motion for partial summary disposition, appellee's motion for partial summary judgment focused on the "antidegradation issue." Unlike appellant's motion, appellee's motion was not specific in requesting summary judgment upon Assignment of Error One. Appellant makes much of this fact, asserting that it reflects the director's understanding that the resolution of the "antidegradation issue" would not result in the disposition of appellant's entire Assignment of Error One. However, appellant does not indicate anywhere in its pleadings that, even if the commission were to deny appellant's motion for summary judgment but grant appellee's motion for summary judgment, other issues remained to be decided under Assignment of Error One. By requesting summary judgment on the "antidegradation issue," appellee was simply addressing the only argument advanced by appellant in support of Assignment of Error One.
Furthermore, in the January 6, 1999 Joint Status Report that was written and submitted by counsel for appellant, appellant's counsel states, "[t]he parties await the Commission's ruling on the cross-motions for summary disposition on Bay West's First Assignment of Error, which were filed in September of 1998." Thus, appellant represented to the commission that both its and appellee's motions were intended to resolve Assignment of Error One. Appellant gives no indication that there are, or could be, additional issues to be resolved in connection with Assignment of Error One.
Appellant, however, points to another joint status report, filed on April 6, 1999, to support its contention that the parties knew Assignment of Error One involved more issues than the "antidegradation issue." In that report, appellant informed the commission that appellant "has analyzed Ultimate BOD data relating to its effluent and has compared that data to the default BOD assumptions used in Ohio EPA's water quality modeling program." Appellant also stated that it had forwarded the BOD data and analysis to the OEPA, and that the parties planned "to meet during the month of April to discuss this data and its implications for settlement of this matter."
Appellant contends that the filing of the April 6, 1999 report is inconsistent with the commission's ruling that the cross-motions for summary judgment resolved all of Assignment of Error One. We disagree. The report itself does not specify how the BOD data and analysis would be used to settle the matter. Further, appellant does not provide any evidence to explain how this data and analysis relates solely to Assignment of Error One. Rather, as appellee notes, this data and analysis were relevant to negotiations regarding Assignment of Error Two, as that assignment of error also implicates the changes in the BOD5
limitations that appellant proposed. Additionally, based upon the joint status reports submitted by the parties, at the time the April 6, 1999 report was filed, the parties were negotiating settlement on Assignment of Error Two, not Assignment of Error One. Therefore, we do not find that the April 6, 1999 Joint Status Report is evidence that the commission and the parties knew that appellant intended Assignment of Error One to contain multiple issues.
Finally, appellant argues that the commission failed to follow the principles of "notice pleading" and, in doing so, improperly narrowed the scope of Assignment of Error One. Under R.C. 3745.04, an appeal to the commission "shall set forth the action complained of and the grounds upon which the appeal is based." We conclude that appellant met this threshold "pleading" requirement by stating its broad assignments of error. See Franklin Cty. Regional Solid Waste Mgt. Auth. v. Schregardus (1992), 84 Ohio App.3d 591, 597-598. Nevertheless, we disagree with appellant's contention that the commission improperly narrowed Assignment of Error One. Rather, as discussed above, the record demonstrates that appellant simply presented only one argument in support of Assignment of Error One.
Appellant's actions after the June 3, 1999 ruling should also be noted. Contrary to appellant's claims, it did not immediately seek clarification as to the impact of the June 3, 1999 ruling on Assignment of Error One. The June 3, 1999 ruling stated unequivocally that, "we affirm the Director as to Assignment of Error Number One." Despite this unambiguous language indicating the scope of the commission's ruling as to Assignment of Error One, appellant waited almost one and one-half years before arguing that other "sub-issues" of Assignment of Error One remained pending. In the meantime, appellant appealed the June 3, 1999 ruling to this court on the merits of the ruling. Although the action was ultimately dismissed, the very fact that appellant appealed the June 3, 1999 ruling demonstrates that appellant concluded that the ruling had at least been completely dispositive on Assignment of Error One.
Therefore, we conclude that the commission's complete disposition of Assignment of Error One in its June 3, 1999 ruling is supported by reliable, probative and substantial evidence and is in accordance with law. Accordingly, we overrule appellant's first assignment of error now before this court.
By its second assignment of error before this court, appellant argues that the commission abused its discretion by not allowing appellant to amend its notice of appeal to include two assignments of error that are "sub-issues" of Assignment of Error One. In refusing to allow the amendment of appellant's notice of appeal, the commission agreed with the director's argument that the motion to amend "represented an attempt to re-open and re-litigate issues ruled upon in the Commission's decision of June 3, 1999."
Pursuant to Ohio Adm. Code 3745-5-10(A), "[u]pon motion by the Appellant, the commission may, within its discretion, allow the amendment of an appeal." Given that allowing an amendment of an appeal is within the commission's discretion, we will not disturb the commission's ruling unless it is unreasonable, arbitrary or unconscionable. Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co. (1991), 60 Ohio St.3d 120,122.
When considering the amendment of a complaint pursuant to Civ.R. 15(A), the Ohio Supreme Court has held that it is an abuse of discretion to deny a motion to amend where it is possible that a plaintiff may state a claim upon which relief may be granted and no reason otherwise justifying denial of the motion is disclosed. Id. Here, the commission relied upon a reason justifying denial of the motion appellant's attempt to re-open and re-litigate an assignment of error already resolved.
Although appellant argues that the commission never addressed the two assignments of error it now wishes to raise on appeal before the commission, appellant's ability to amend its notice of appeal in this manner is constrained because the commission already decided Assignment of Error One (i.e., whether "the director acted unlawfully and/or unreasonably in imposing the BOD5 effluent limitations"). Appellant is not free to keep coming back to the commission (under the guise of a new assignment of error) every time it thinks of a new argument supporting its assignment of error. Just as a plaintiff is the master of its own complaint, appellant is the master of its notice of appeal. Appellant chose to assert a broad assignment of error, but to present just one argument in support of that assignment of error. Appellant lost that argument. It is not the commission's function to guess at the multiple issues within the broad error an appellant asserts. Enyart v. Columbus Metro. Area Community Action Org. (1996), 115 Ohio App.3d 348, 357. Consequently, the commission decided the issue presented to it by the parties as the sole argument supporting appellant's Assignment of Error One. In deciding this issue, the commission resolved the entire assignment of error, thereby precluding appellant from belatedly raising additional arguments in support of that assignment of error.
Therefore, we conclude that the commission did not abuse its discretion in denying appellant's motion to amend the notice of appeal. Accordingly, appellant's second assignment of error is overruled.
For the foregoing reasons, appellant's assignments of error are overruled, and the order of the Environmental Review Appeals Commission is affirmed.
Order affirmed.
BOWMAN and BROWN, JJ., concur.