{¶ 34} I concur in the disposition of all four of appellants' assignments of error, but write separately to clarify my reasons for overruling the second assignment of error.
 {¶ 35} In overruling that assignment, I do not countenance a rule that a litigant, such as Philip Yoder, is competent to render an expert opinion as to the reasonableness of his own attorney fees. Rather, I concur in overruling the second assignment of error because, "[u]nless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere." Bittner, supra, quoting Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc. (1985),23 Ohio App.3d 85, 91, 23 OBR 150, 491 N.E.2d 345. The Bittner court additionally recognized, "[t]he trial judge * * * has an infinitely better opportunity to determine the value of services rendered by lawyers who have tried a case before him than does an appellate court." Ibid. *Page 14 
 {¶ 36} Indeed, though Ohio courts had historically required the movant to submit evidence of both the services performed and the reasonable value thereof,[1] Ohio appellate courts have lately recognized trial courts' expertise in appraising the reasonable value of attorneys' services rendered in the course of litigation conducted before them. See, e.g., Bittner, supra; Enyart v. Columbus Metro. Area CommunityAction Org. (1996), 115 Ohio App.3d 348, 358, 685 N.E.2d 550;Groza-Vance v. Vance, 162 Ohio App.3d 510, 2005-Ohio-3815,834 N.E.2d 15, ¶ 44, citing Ward v. Ward (June 18, 1985), Franklin App. No. 85AP-61. Because the attorney fees awarded herein do not shock the conscience so as to constitute an abuse of discretion, this court should defer to the trial court's determination as to the reasonableness of the requested attorney fees, and the second assignment of error should be overruled on that basis.
[1] In re Estate of Verbeck (1962), 173 Ohio St. 557, 559,20 O.O.2d 163, 184 N.E.2d 384. *Page 1