Masiongale Electrical–Mechanical, Inc., Appellee,
*v.* Construction One, Inc., Appellant.

[Cite as *Masiongale Elec.–Mechanical, Inc. v. Constr. One, Inc.*, 102 Ohio St.3d 1, 2004-Ohio-1748.]

(No. 2002–1861—Submitted October 8, 2003—Decided April 21, 2004.)

**O'Donnell, J.**

{¶ 1} In this case, we are called upon to interpret R.C. 4113.61, known as the Prompt–Payment Act, with respect to a contractor's right to withhold payment from a subcontractor. Construction One, Inc. appeals from a judgment of the Franklin County Court of Appeals, which affirmed the judgment of the common pleas court to award Masiongale Electrical–Mechanical, Inc. attorney fees and prejudgment interest as a result of Construction One's noncompliance with R.C. 4113.61. Because Masiongale's breaches of the lien-waiver and forum-selection clauses in the subcontract did not create "disputed liens or claims involving the work or labor performed or material furnished by the subcontractor," it was improper for Construction One to withhold payment relating to those disputes, and, therefore, we affirm the judgment of the court of appeals.

I

{¶ 2} Construction One, a general contractor, subcontracted with Masiongale for electrical, plumbing, heating, ventilating, and air-conditioning work on a construction project involving an American Eagle Outfitters store in Muncie,

Indiana. After Masiongale requested payment for its completed work, Construction One sought a $7,021 reduction of the contract price from $36,124 to $29,103, claiming that Masiongale had untimely and improperly performed its work.

{¶ 3} In response, Masiongale, in violation of a specific contractual provision, filed a lien on the property, thereby forcing Construction One to remove the lien by posting a bond pursuant to its contract with American Eagle Outfitters. Masiongale also sued Construction One in the Superior Court of Delaware County, Indiana, alleging breach of contract and seeking to foreclose on its lien. The Indiana court dismissed the breach-of-contract claim, finding that Masiongale had breached a forum-selection clause in the contract requiring all litigation to occur in Franklin County, Ohio, but the court held the foreclosure action in abeyance.

{¶ 4} Thereafter, Masiongale filed a complaint in the Franklin County Court of Common Pleas, alleging breach of contract for nonpayment. Construction One counterclaimed, asserting that Masiongale had breached the contract by failing to timely and adequately perform the work and by violating the lien-waiver and forum-selection clauses.

{¶ 5} The court referred the matter to a magistrate, who found that Construction One owed Masiongale $35,349.05, after deducting back charges of $774.95. The magistrate also determined that Construction One had violated the Prompt–Payment Act, R.C. 4113.61, by improperly withholding $29,103 and, therefore, awarded Masiongale prejudgment interest on that amount as well as $31,624.62 in attorney fees.

{¶ 6} Regarding Construction One's counterclaims, the magistrate found that Masiongale had breached the lien-waiver and forum-selection clauses and awarded Construction One $9,470 in damages for the premiums paid for the bond and the attorney fees expended to defend against the Indiana lawsuit, plus interest.

{¶ 7} After overruling both parties' objections, the trial court adopted the magistrate's decision. Masiongale did not appeal from the judgment that it had violated the lien-waiver and forum-selection clauses. Construction One appealed from the trial court's judgment that it could not withhold the amounts of anticipated bond premiums and litigation costs directly related to resolving the improperly filed lien and Indiana lawsuit. In rejecting the argument, the appellate court held that "only direct, tangible amounts relating to disputes involving alleged faulty labor, work or materials are retainable by the contractor under R.C. 4113.61(A)(1)." After rejecting Construction One's arguments on other issues, the appellate court affirmed the judgment.

{¶ 8} The cause is now before this court pursuant to the acceptance of a discretionary appeal.

## II

{¶ 9} The issues for this court to decide are, first, whether a breach of a lien-waiver or forum-selection clause of a construction contract creates a "disputed lien[ ] or claim[ ] involving the work or labor performed or material furnished by the subcontractor," pursuant to R.C. 4113.61(A)(1), and, second, if they do, whether a contractor may withhold the amounts of bond premiums and attorney fees reasonably anticipated to be incurred in resolving the improperly filed lien and lawsuit.[1]

{¶ 10} In 1990, the Ohio General Assembly enacted prompt-payment legislation, codified at R.C. 4113.61(A)(1), which became effective on April 10, 1991.[2] Am.Sub.H.B. No. 238, 143 Ohio Laws, Part III, 3676, 3723. The legislation essentially requires a contractor to timely pay its subcontractor or materialmen undisputed amounts under a contract and sets forth penalties for noncompliance. See, generally, John W. Hays, Prompt Payment Acts: Recent Developments and Trends (2002), 22 Construction Lawyer 29; *Jenkins, Inc. v. Walsh Bros., Inc.*, 2001 ME 98, 776 A.2d 1229, ¶ 31.

{¶ 11} R.C. 4113.61(A)(1) provides:

{¶ 12} "If a subcontractor or materialman submits an application or request for payment or an invoice for materials to a contractor in sufficient time to allow the contractor to include the application, request, or invoice in his own pay request submitted to an owner, the contractor, within ten calendar days after receipt of payment from the owner for improvements to property, shall pay to the:

{¶ 13} "(a) Subcontractor, an amount that is equal to the percentage of completion of the subcontractor's contract allowed by the owner for the amount of labor or work performed.

{¶ 14} "* * *

{¶ 15} "The contractor may reduce the amount paid by any retainage provision contained in the contract, invoice, or purchase order between the contractor and the subcontractor or materialman, and may withhold amounts that may be necessary to resolve disputed liens or claims involving the work or labor performed or material furnished by the subcontractor or materialman."

---

1. Construction One expressly states that it "does not propose that a contractor may withhold anticipated *general* litigation costs to fund future litigation concerning defective work." (Emphasis sic.) It also does not argue that R.C. 4113.61 permits it to withhold the bond premiums and attorney fees because they are necessary to resolve the disputed claim of $7,021.

2. The General Assembly subsequently amended R.C. 4113.61 in Am.Sub.S.B. No. 338, 144 Ohio Laws, Part II, 1976, 1998, effective April 16, 1993; however, the portions of the statute analyzed in this opinion remain the same in both versions.

4

{¶ 16} Therefore, pursuant to R.C. 4113.61(A)(1), if a subcontractor makes a timely request for payment, a contractor must pay the subcontractor in proportion to the work completed within ten calendar days of receiving payment from the owner. A contractor, however, is permitted to withhold "amounts that may be necessary to resolve disputed liens or claims involving the work or labor performed or material furnished by the subcontractor."

{¶ 17} Failure to comply with these provisions obligates a contractor to pay interest on the overdue payment at a rate of 18 percent per annum. R.C. 4113.61(A)(1) and (B)(1). A subcontractor also may file a civil action to recover the amount due and the statutory interest. R.C. 4113.61(B)(1). If the court determines that the contractor has not complied with the prompt-payment statute, the court must award the subcontractor the statutorily prescribed interest. Id. In addition, the prevailing party is entitled to recover reasonable attorney fees, unless such an award would be inequitable, together with court costs. R.C. 4113.61(B)(1) and (B)(3).

{¶ 18} In the present case, Construction One argues that R.C. 4113.61 permits it to withhold estimated costs of securing a lien substitute, i.e., bond premiums, and anticipated attorney fees directly relating to resolving Masiongale's breaches of the lien-waiver and forum-selection clauses. These breaches, however, did not create "disputed liens or claims *involving the work or labor performed or material furnished* by the subcontractor," within the meaning of R.C. 4113.61(A)(1). (Emphasis added.)

{¶ 19} Although these breaches concern disputes arising out of a construction contract, the lien-waiver and forum-selection provisions at issue here are procedural in nature, as they relate either to the right of a party to secure its payment with a lien or to the situs of the tribunal for the adjudication of disputes. They do not, however, concern the substantive aspects of performing the work or labor or providing any material under the contract. Cf. *Consortium Communications v. Cleveland Telecommunications, Inc.* (Feb. 10, 1998), Franklin App. No. 97APG08–1090, 1998 WL 63538 (permitting a contractor to withhold payment pursuant to R.C. 4113.61 when the parties disputed additional amounts concerning labor-related transportation expenses).

{¶ 20} In R.C. 4113.61, the only justifications for withholding payment relate to disputed liens or claims involving the performance of work or labor or the furnishing of material. If the General Assembly had intended to include other types of disputes, such as those over breaches of lien-waiver and forum-selection clauses, as further justification for a contractor to withhold payment, it could have expanded the statute to include these and other types of disputes. It chose not to do so.

.

{¶ 21} Our holding is in accord with other jurisdictions that allow a contractor to withhold payment from a subcontractor when the dispute concerns the performance of work or labor or the furnishing of material. Cf. Ala.Code 8–29–4 (a contractor may withhold payment for, inter alia, unsatisfactory job progress, defective construction, disputed work, property damage, and if the subcontract cannot be completed for the unpaid balance of the contract sum); 10 Me.Rev.Stat. 1118(1) (a contractor may withhold payment "in an amount equalling the value of any good faith claims * * *, including claims arising from unsatisfactory job progress, defective construction or materials, disputed work or 3rd-party claims"); *Elec. Eng. & Electronics, Inc. v. E.L. Shea, Inc.* (D.Me.2001), 146 F.Supp.2d 74, 79–82 (holding that the contractor properly withheld payment pursuant to Maine's prompt-payment statute for amounts relating to the installation of mounting brackets); *Independence v. Kerr Constr. Paving Co., Inc.* (Mo.App.1997), 957 S.W.2d 315, 323–324 (holding that Missouri's public-works prompt-payment statute, Mo.Rev.Stat. 34.057, allows a contractor to withhold payment from a subcontractor for a claim of defective work so long as the contractor acts in good faith for reasonable cause).

{¶ 22} Accordingly, we hold that a breach of a lien-waiver or forum-selection clause in a construction contract does not create a disputed lien or claim involving the work or labor performed or material furnished by the subcontractor, within the meaning of R.C. 4113.61(A)(1). Therefore, Construction One could not properly withhold any amounts relating to those disputes.

{¶ 23} Based on the foregoing, Construction One's first and second propositions of law are overruled,[3] and the judgment of the Court of Appeals for Franklin County is affirmed.

Judgment affirmed.

MOYER, C.J., PFEIFER and O'CONNOR, JJ., concur.

RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., dissent.

---

**LUNDBERG STRATTON, J., dissenting.**

{¶ 24} I dissent because I believe that the Prompt–Payment Act, R.C. 4113.61, permits a contractor to withhold anticipated costs necessary to resolve any lien or claim that derives directly or indirectly from the underlying "work or labor performed or material furnished by the subcontractor or materialman."

{¶ 25} R.C. 4113.61(A)(1) provides:

---

3. We decline to address Construction One's remaining proposition of law regarding the award of attorney fees, and we dismiss it as having been improvidently accepted.

{¶ 26} "The contractor may reduce the amount paid by any retainage provision contained in the contract, invoice, or purchase order between the contractor and the subcontractor or materialman, and may withhold amounts that *may be necessary to resolve* disputed liens or claims *involving* the work or labor performed or material furnished by the subcontractor or materialman." (Emphasis added.)

{¶ 27} The majority holds that the phrase "involving the work or labor performed or material furnished by the subcontractor" limits "liens or claims" to those that "concern the *substantive* aspects of performing the work or labor or providing any material under the contract." (Emphasis added.) Applying this interpretation, the majority holds that because the breach of a lien-waiver clause and the breach of a forum-selection clause are "procedural in nature," neither can result in a lien or a claim "involving the work or labor performed." I do not believe that the General Assembly intended such a narrow interpretation of the phrase "involving the work or labor performed."

### A. A Lien or Claim Involving Work, Labor, or Materials Includes Any Lien or Claim that Derives Directly or Indirectly from the Underlying Work, Labor, or Material

{¶ 28} Words not defined in the statute must be afforded their common and ordinary meaning. *Kimble v. Kimble*, 97 Ohio St.3d 424, 2002-Ohio-6667, 780 N.E.2d 273, ¶ 6; R.C. 1.42. Moreover, in examining a statute, a court cannot "delete any words or insert words not used." *Lesnau v. Andate Enterprises, Inc.* (2001), 93 Ohio St.3d 467, 471, 756 N.E.2d 97, citing *State v. Jordan* (2000), 89 Ohio St.3d 488, 492, 733 N.E.2d 601. Finally, in addition to the language of a statute, courts may glean intent by looking at its purpose. *Family Medicine Found., Inc. v. Bright*, 96 Ohio St.3d 183, 2002-Ohio-4034, 772 N.E.2d 1177, ¶ 9, citing R.C. 1.49.

{¶ 29} "Involve" means "to have within or as part of itself: CONTAIN, INCLUDE." Webster's Third New International Dictionary (1961) 1191. I believe that to constitute a lien or claim "involving the work or labor performed or material furnished," the lien or claim need only contain or include issues that pertain to the work or labor performed or materials furnished pursuant to the contract. Moreover, there is no language in R.C. 4113.61 that explicitly limits liens or claims to those that "concern the *substantive* aspects" of the work, labor, or material. Accordingly, we should not interject that limitation. *Lesnau*, 93 Ohio St.3d at 471, 756 N.E.2d 97.

{¶ 30} Clearly, one of the purposes of the Prompt–Payment Act is to ensure that contractors pay subcontractors and materialmen for their work or materials in a timely manner. However, the General Assembly intended also to protect contractors by permitting them to withhold payment, or some portion thereof,

due the subcontractor where a dispute arises from the work performed or material provided by the subcontractor or materialman. If a contractor's withholding is limited to the "substantive aspects of performing the work or labor or providing any material," then much of the contractor's protection is eroded because contractors will be unable to withhold amounts necessary to resolve actions taken by a subcontractor that ultimately derive from the underlying construction contract. Thus, I believe that the majority's narrow interpretation of the phrase "involving the work or labor performed or material furnished" is contrary to one of the purposes of the Prompt–Payment Act.

{¶ 31} For these reasons, I would hold that a lien or claim "involving the work or labor performed or material furnished" is any lien or claim that derives directly or indirectly from the work or labor performed or material furnished under the contract. I would therefore hold that Masiongale's breaches of the lien-waiver and forum-selection clauses involve work or labor that Masiongale performed for Construction One. Accordingly, I believe that both breaches resulted in disputed claims involving work performed under the contract within the meaning of R.C. 4113.61(A)(1).

## B. Amount to Be Withheld

{¶ 32} The Prompt–Payment Act permits a contractor to "withhold amounts that may be necessary to resolve disputed liens or claims." R.C. 4113.61(A)(1)(b). This language indicates that a contractor may withhold amounts to cover anticipated costs required to resolve a disputed lien or claim. However, the withholding must be made in good faith. *Consortium Communications v. Cleveland Telecommunications, Inc.* (Feb. 10, 1998), Franklin App. No. 97APG08–1090, 1998 WL 63538; see, also, *Soloman v. Excel Marketing, Inc.* (1996), 114 Ohio App.3d 20, 30–31, 682 N.E.2d 724.

## C. Remand

{¶ 33} The underlying merits of the contract claims and counterclaims (i.e., the proper amount of the back charges, the breach of the lien-waiver clause, and the breach of forum-selection clause) are final and are not subject to this appeal. The only issues on appeal are whether Construction One complied with R.C. 4113.61(A) in withholding $29,103 of the $36,124, and the determination of any consequence as prescribed by R.C. 4113.61(B).

{¶ 34} Because I believe that Masiongale's breaches of the lien-waiver and forum-selection clauses involve work or labor performed, the only remaining issue is whether Construction One's withholding was proper. I would remand this case to the trial court for a determination whether Construction One acted in good faith as to its withholding and whether the amount withheld was necessary to resolve the breaches of the lien-waiver and forum-selection clauses. Based on

that determination, the court would then determine any relief to be awarded pursuant to R.C. 4113.61(B).

{¶ 35} Accordingly, I respectfully dissent.

RESNICK and F.E. SWEENEY, JJ., concur in the foregoing dissenting opinion.

---

F. Harrison Green Co., L.P.A., and F. Harrison Green, for appellee.

Roetzel & Andress, Michael S. Yashko, Eric S. Bravo and Kevin J. Osterkamp, for appellant.