{¶ 33} I respectfully dissent from the majority's analysis and disposition of appellant's sole assignment of error.
 {¶ 34} The majority, in its opinion, states, in paragraph 22, as follows:
 {¶ 35} "The payment due would be the unpaid balance of principal and accrued interest as the `payment due' cannot include amounts paid." I disagree.
 {¶ 36} As noted by the Ohio Supreme Court in MasiongaleElec.-Mechanical, Inc. v. Constr. One, Inc., 102 Ohio St.3d 1,806 N.E.2d 148, 2004-Ohio-1748, "In 1990, the Ohio General Assembly enacted prompt-payment legislation, codified at R.C.4113.61(A)(1), which became effective on April 10, 1991, Am. Sub. H.B. No. 238, 143 Ohio Laws, Part III, 3676, 3723. The legislation essentially requires a contractor to timely pay its subcontractor or materialmen undisputed amounts under a contract and sets forth penalties for noncompliance." Id. at paragraph 10.
 {¶ 37} R.C. 4113.61 (A)(1)(b) states that "[i]f the contractor fails to comply with division (A)(1) of this section, the contractor shall pay the subcontractor or materialman, in addition to the payment due, interest in the amount of eighteen per cent per annum of the payment due, beginning on the eleventh day following the receipt of payment from the owner and ending on the date of full payment of the payment due plus interest to the subcontractor or materialman." (Emphasis added). Contrary to the majority's assertion, such section does not state that the eighteen per cent per annum is payable only on the unpaid balance of the payment due. Rather, as noted by the court in Masiongale Elec.-Mechanical, Inc. v. Constr. One, Inc.,
Franklin App. No. 02AP-138, 2002-Ohio-4736, affirmed102 Ohio St.3d 1, 806 N.E.2d 148, 2004-Ohio-1748, "[u]nder R.C.4113.61(A)(1), the "payment due" is, at the very least, the amount the contractor should have paid the subcontractor minus any amount rightfully withheld under the statute. Under the plain words of the statute, the 18 percent interest is on this `payment due' . . ." Id at 5. In the case sub judice, there is no allegation that any amount was rightfully withheld under the statute.
 {¶ 38} Based on the foregoing, I would find that the trial court did not err in its interpretation of the Prompt Payment Act and calculating interest on the entire principal.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas is reversed and remanded for further proceedings in accordance herewith. Costs assessed to appellee.