**GRAVES LUMBER COMPANY, Appellee,**

v.

**BORKEY et al., Appellants.**

[Cite as *Graves Lumber Co. v. Borkey,* 182 Ohio App.3d 582, 2009-Ohio-2786.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 08CA0056–M.

Decided June 15, 2009.

Paul Mancino, for appellants.

Scott Rupert, Robert Tini, and Gregory Scott, for appellee.

---

WHITMORE, Judge.

{¶ 1} Defendant-appellants, Star–Lite Building & Development Company ("Star–Lite") and its owner, Michael K. Borkey (collectively, "appellants"), appeal from the judgment of the Medina County Court of Common Pleas. This court affirms.

I

{¶ 2} The subject of the litigation underlying this appeal is the construction of an addition and the installation of a new roof that were planned for a residence owned by Valentino Camardo. Camardo conducted some of the work himself, while also coordinating the work of several others, namely, David Ports and Dean

Yovichin, who served as the architects; appellants, who were to complete the framing of the addition and installation of the new roof; and Timothy Eubank, who was to install the brick veneer.

{¶ 3} Appellants began working on Camardo's property in the fall of 2001. In order to begin the work, Borkey took the design plans to Graves Lumber Company to order all the requisite supplies, including the trusses and lumber for framing the addition. Throughout the course of the project, Camardo encountered several problems that resulted in modifications to the parties' original plans and consequently led to increased costs in materials and labor, and ultimately, to several disputes that are the subject of this litigation.

{¶ 4} In September 2002, Graves filed suit seeking payment from appellants in the amount of $44,096.73, plus interest. The suit also named Camardo as a defendant, as the materials purchased from Graves were used on his residence. Appellants answered the complaint and cross-claimed against Camardo for breach of contract, alleging that they were owed $55,000 under their contract for work performed on Camardo's addition. In response, Camardo answered Graves's complaint and filed a cross-claim against appellants for breach of contract. Additionally, Camardo filed a counterclaim for declaratory judgment against Graves, requesting that the mechanic's lien Graves had filed against Camardo's property be declared invalid. Camardo also joined Eubank and USA Roofing, a supplier, who was later dismissed. Eubank filed a cross-claim against Camardo for $8,000 based on work he performed on the brick veneer.

{¶ 5} Graves moved to bifurcate the complaint; a first trial was held on the cross-claims of the various defendants and then a second trial was held on Graves's complaint and Camardo's declaratory judgment. After multiple days of testimony on the cross-claims, on August 21, 2006, the magistrate determined that appellants had prevailed on their claims against Camardo, as did Eubank. Camardo's cross-claims were dismissed. Appellants and Camardo both objected to the magistrate's findings. Before issuing a ruling on the parties' objections, however, the magistrate held the second trial on Graves's complaint and Camardo's declaratory judgment counterclaim on September 25, 2006.

{¶ 6} On May 23, 2008, the trial court adopted the magistrate's findings, which overruled the objections of both appellants and Camardo with respect to the cross-claims. In that same order, the trial court adopted the magistrate's findings with respect to Graves's complaint and Carmardo's counterclaim. Appellants and Camardo filed objections to the magistrate's findings on Graves's complaint and Camardo's counterclaim, which the trial court overruled on June 24, 2008.

{¶ 7} Both Camardo and appellants appealed the trial court's judgment overruling their objection to the magistrate's findings. The cases were consolidated

on appeal; however, Camardo's appeal was dismissed by order of this court. Thus, only appellant's two assignments of error remain before us for review.

## II

### Assignment of Error Number One

The court erred in holding that Star–Lite and Borkey were not entitled to interest under the Ohio Prompt Pay Statute, § 4113.61 of the Ohio Revised Code.

{¶ 8} In their first assignment of error, appellants argue that the trial court erred in denying their objection to the magistrate's decision, because they are statutorily eligible for prejudgment interest on their claim against Camardo at a rate of 18 percent, pursuant to R.C. 4113.61 ("the prompt-payment statute"). We disagree, but for reasons other than those asserted by the trial court.

{¶ 9} This court reviews a trial court's determination on objections to a magistrate's decision for an abuse of discretion. *Swift v. Swift*, 9th Dist. No. 23642, 2008-Ohio-1055, 2008 WL 649583, at ¶ 8. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

{¶ 10} Appellants assert that the trial court erred when it determined that the prompt-payment statute was a penal statute and must be strictly construed. Appellants point to the trial court's decision on the matter, where it held the following:

Interestingly enough, R.C. 4113.61 does not define the term "contractor" but it does draw a distinction between and "owner" and "contractor" * * * in R.C. 4513.61(A). Since R.C. 4113.61 is a penal statute, and must be strictly construed * * * [the trial court] finds that it does not apply when an owner is acting as his own general contractor. Since it doesn't apply as to the pre-judgment interest rate because it must be strictly construed, the Court also finds that R.C. 4113.61(B)(1) would not serve as authorization for this Court to award [appellants] reasonable attorney fees.

Instead, appellants argue that the prompt-payment statute is remedial in nature and accordingly should be liberally construed, although they cite no authority for their proposition. See App.R. 16(A)(7) and Loc.R. 7(B)(7).

{¶ 11} Ohio's prompt-payment statute, codified at R.C. 4113.61(A)(1), "essentially requires a contractor to timely pay its subcontractor * * * undisput-

ed amounts under a contract and sets forth *penalties* for noncompliance." (Emphasis added.) *Masiongale Elec.-Mechanical, Inc. v. Constr. One, Inc.*, 102 Ohio St.3d 1, 2004-Ohio-1748, 806 N.E.2d 148, at ¶ 10. Generally, the statute requires that, if a subcontractor submits a timely request for payment, "a contractor must pay the subcontractor in proportion to the work completed within ten calendar days of receiving payment from the owner." Id. at ¶ 16, citing R.C. 4113.61(A)(1). If a contractor fails to comply with the provisions of the prompt-payment statute, he can be obligated to pay 18 percent annual interest on the overdue payment, as well as pay attorney fees and court costs associated with the subcontractor's civil enforcement action. R.C. 4113.61(A)(1) and (B)(1).

{¶ 12} Contrary to the trial court's assertion that R.C. 4113.61 does not define the terms "owner" or "contractor", subsection (F) of the statute does, in fact, define both terms. The term "owner" is defined to "include * * * all the interests either legal or equitable, which a person may have in the real estate upon which improvements are made, including interests held by any person under contracts of purchase, whether in writing or otherwise." R.C. 4113.61(F)(6). It is undisputed that Camardo is the owner of the residence where the work was performed by appellants.

{¶ 13} "Contractor" is defined in the statute as "any person who undertakes to construct, alter, erect, improve, repair, * * * any part of a structure or improvement *under a contract with an owner,* or a 'construction manager' as that term is defined in section 9.33 of the Revised Code." (Emphasis added.) R.C. 4113.61(F)(1). A "construction manager" under R.C. 9.33 applies only to work done on a public building. R.C. 9.33(A). Thus, under the plain language of the statute, Camardo does not satisfy the statutory definition of "contractor" because he has not acted "under a contract with an owner" nor is he a "construction manager" as defined by statute. R.C. 4113.61(F)(1).

{¶ 14} Additionally, the prompt-payment statute ascribes the term "subcontractor" to "have the same meaning[ ] as in section 1311.01 of the Revised Code." R.C. 4113.61(F)(2). Under that section, the term "subcontractor" includes "any person who undertakes to construct, alter, erect, improve, * * * or drill any part of any improvement under a contract with any person *other than the owner,* part owner, or lessee." (Emphasis added.) R.C. 1311.01(D).

{¶ 15} Therefore, under the terms of the prompt-payment statute, Camardo is not considered a contractor, nor are appellants considered subcontractors. Given that the statute was enacted to provide "an incentive for * * * contractors to promptly pay subcontractors," appellants are precluded from asserting a claim for enhanced interest and attorney fees because their relationship is not one that was meant to be included within the purview of the statute. *Midwest Curtain-*

*walls, Inc. v. Pinnacle 701, L.L.C.*, 8th Dist. No. 90591, 2008-Ohio-5134, 2008 WL 4444285, at ¶ 19.

{¶ 16} This court has held that "[a]n appellate court shall affirm a trial court's judgment that is legally correct on other grounds, that is, one that achieves the right result for the wrong reason, because such an error is not prejudicial." *Padrutt v. Peninsula,* 9th Dist. No. 24272, 2009-Ohio-843, 2009 WL 456246, at ¶ 27, quoting *In re Estate of Baker,* 9th Dist. No. 07CA009113, 2007-Ohio-6549, 2007 WL 4292758, at ¶ 15. Thus, we affirm the trial court's judgment on this issue, but for reasons other that those set forth by the trial court in its opinion. Consequently, the trial court did not abuse its discretion in adopting the magistrate's decision to deny appellants' claim for interest and attorney fees pursuant to the prompt-payment statute. Accordingly, appellants' first assignment of error is without merit.

## Assignment of Error Number Two

The court erred in ruling that Michael K. Borkey was personally liable on the account to Graves Lumber Company.

{¶ 17} In the second assignment of error, Borkey alleges that the trial court erred in adopting the magistrate's finding that he was personally liable for the debts owed to Graves based on the credit application he executed with Graves in his individual name, not in the name of his corporation, Star–Lite. Borkey argues that the credit application that Graves proffered at trial was an application he had completed with Brown Graves Lumber Company, not Graves. Additionally, he asserts that he later established an account with Graves in Star–Lite's name, and that Graves's billing statements for the materials at issue in this case were directed to Star–Lite as the account holder. Furthermore, Borkey asserts that, even when Graves filed its mechanic's lien, it named Star–Lite, at its business address, as the primary responsible party.

{¶ 18} Our review of the record reveals that testimony and exhibits related to this matter were taken by the magistrate at the September 25, 2006 trial. We note, however, that no transcripts or exhibits from that date were filed with the trial court or with this court. Civ.R. 53(E)(3)(c) in effect at that time provided that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." This court has previously explained that "[w]hen a party fails to file a transcript or an affidavit as to the evidence presented at the magistrate's hearing, the trial court, when ruling on the objections, is required to accept the magistrate's findings of fact and to review only the magistrate's conclusions of law based upon those factual findings." *Saipin v. Coy,* 9th Dist. No. 21800, 2004-Ohio-2670, 2004 WL 1161425, at ¶ 9,

quoting *Stewart v. Taylor,* 9th Dist. No. 02CA0026, 2002-Ohio-6121, 2002 WL 31513618, at ¶ 11. Additionally, this court has consistently held that it "cannot consider a transcript of the magistrate's hearing that was not before the trial court when it considered the objections to the magistrate's decision." *Saipin* at ¶ 8.

{¶ 19} Graves has failed to provide a transcript of the proceeding that served as the basis to his objections to the magistrate's decision. We do not know what evidence, if any, he produced to support his allegations and claims. Therefore, we conclude that the trial court did not err in adopting and affirming the magistrate's findings. *Boggs v. Boggs* (1997), 118 Ohio App.3d 293, 301, 692 N.E.2d 674. Furthermore, without an adequate record, "a court of appeals must presume the regularity of the trial court's judgment based on the magistrate's report and recommendations." *Ferrone v. Kovack,* 9th Dist. No. 3279–M, 2002-Ohio-3625, 2002 WL 1594594, at ¶ 8. Accordingly, Borkey's second assignment of error is not well taken.

### III

{¶ 20} Appellants' assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

MOORE, P.J., and BELFANCE, J., concur.