[Cite as *Xtreme Elements, L.L.C. v. Foti Contracting, L.L.C.*, 2018-Ohio-3323.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## LAKE COUNTY, OHIO

| | | |
|---|---|---|
| XTREME ELEMENTS, LLC, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-L-099** |
| FOTI CONTRACTING, LLC, et al., | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2014 CV 000639.

Judgment: Affirmed.

*Matthew D. Gurbach, Thomas O. Crist,* and *Anthony C. Sallah,* Benesch, Friedlander, Coplan & Aronoff LLP, 200 Public Square, Suite 2300, Cleveland, OH 44114 (For Plaintiff-Appellant).

*John K. Lind, Jr.,* 3185 Belvoir Boulevard, Shaker Heights, OH 44122 (For Defendant-Appellee).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, Xtreme Elements, LLC, appeals from the Judgment Entry of the Lake County Court of Common Pleas, denying Xtreme's request for attorney's fees. The issue to be determined in this case is whether a trial court errs by failing to award attorney's fees in an action under the Prompt Payment Act when such an award would be inequitable given the excessive amount requested and that the attorneys' work was duplicative. For the following reasons, we affirm the decision of the lower court.

{¶2} On March 18, 2014, Xtreme filed a Complaint against defendant-appellee,

Foti Contracting, LLC, and Associated Associates in the Lake County Court of Common Pleas. Foti had a contract with Southington Local School District for the construction of a school facility and Xtreme entered into three subcontracts with Foti in 2009 to perform concrete work for the project. Xtreme stated that it had completed all work and that Foti had raised baseless complaints and withheld partial payment in the amount of $91,230. Count One was for Breach of Contract. Count Two was raised under the Prompt Payment Act, for Foti's failure to pay Xtreme "within 10 days of receipt of funds associated with the subcontractor's work." Count Three was for Breach of Contract against Associated, a concrete supplier, for failing to timely furnish materials and Count Four was for Indemnity against Associated.

{¶3} Foti filed its Answer and Counterclaim on April 11, 2014, raising a counterclaim for Breach of Contract.

{¶4} A trial to the court was held in 2015. The following pertinent testimony and evidence were presented:

{¶5} Xtreme entered into three subcontracts, worth over $800,000, with Foti, the general contractor, in 2009 to perform concrete work on the Southington School District construction project. Work performed included, in part, inside foundation, a back-door entryway with a broom finish, walk-off mats, and sidewalks.

{¶6} Hugh Lockhart, Xtreme's owner, testified regarding issues that arose while working on the project. One related to a defect in the sidewalk, and led to a dispute over whether replacement was necessary. A triangular area of concrete completed with a "broom finish" was poured near the back door of the school in the spring of 2011 and was also the subject of a dispute. Lockhart testified that all work was completed adequately. Lockhart believed that Foti owed Xtreme a total balance of $87,650.20.

**{¶7}** Richard Dopatka, a project manager for Scaparotti Construction, testified that approximately $20,000 was initially withheld for the "broom finish" back-door area of concrete due to concerns with its appearance/aesthetics. Paul Gillespie, Foti's project manager, expressed similar concerns. The payment was withheld for roughly a year, with a decision made by several parties to wait during the winter to determine if it would be "structurally sound." It was then decided that the work was acceptable and the funds were released by Southington to Foti.

**{¶8}** Gillespie admitted that money was still owed to Xtreme but expressed concern regarding the dispute between Associated, the concrete supplier, and Xtreme, and questioned the proper party for payment. He admitted that some portion of the money should have been paid to Xtreme but was not sure why it was not, noting that Xtreme may have failed to send a final invoice.

**{¶9}** Testimony was also presented by several parties disputing whether work on walk-off mats and interior concrete was performed correctly by Xtreme. Foti employees contended extra work had to be done to repair defects.

**{¶10}** On March 30, 2016, the trial court issued a Judgment Entry, finding Foti was justified in withholding amounts to repair or replace walk-off mats, aluminum thresholds, interior concrete work, and HVAC filters, totaling approximately $31,000. It found that Foti was unjustified in withholding $19,723.99 for the sidewalk and in removing/replacing it, but denied a request for interest under the Prompt Payment Act.

**{¶11}** Regarding the broom finish/back door concrete work, the court found that Foti was not justified in continuing to withhold the payment. Xtreme was awarded interest under the Prompt Payment Act from November 10, 2012, shortly after the money for that work had been paid by the owner to Foti. Relating to this claim, the court determined that

an award of attorney's fees would be inequitable. The court rendered judgment in favor of Xtreme against Foti in the amount of $56,651.30, with applicable interest.

{¶12} Xtreme appealed this judgment on several grounds. This court reversed, in part, due to the lower court's failure to hold a hearing on the issue of attorney's fees for the broom finish/back entrance claim as required by R.C. 4113.61(B)(3). *Xtreme Elements, LLC v. Foti Contracting, LLC*, 11th Dist. Lake No. 2016-L-043, 2017-Ohio-254, ¶ 42.

{¶13} A hearing on attorney's fees was held on March 3, 2017. The following pertinent testimony was presented:

{¶14} Thomas Crist, a partner at Benesch, Friedlander, Coplan, & Aronoff, testified in relation to the representation of Xtreme in this matter. He testified that, even taking into account amounts under dispute, Xtreme was not paid approximately $26,000 for the broom-finish work, even after it had been accepted by Foti. He believed the amount was not in dispute and was held with "zero justification." Thus, recovery of interest and attorney's fees under the Prompt Payment Act was justified, especially given that the attorney's fees expended far exceeded the amount sought for Foti's breach.

{¶15} Crist testified that it was necessary for his firm to perform research to demonstrate that Foti had been paid by Southington for the concrete work because Foti's answers to this question provided in discovery and during mediation were inaccurate and/or misleading. He determined that Foti had been paid by the owner for the broom finish work as of October 30, 2012, but that money was not paid to Xtreme. Total fees billed by the firm for the entire litigation were approximately $250,000. Crist believed that, taking into account amounts billed for items unrelated to the work giving rise to the application of the Prompt Payment Act, the court should award reasonable fees in the

4

range of $130,000 to $150,000.  He testified that a significant amount of work took place on this case over a five-year period.

{¶16}  On July 13, 2017, the trial court denied the request for attorney's fees.  It found an award of attorney's fees would be inequitable since: there was a dispute as to the amount of money owed to Xtreme, the amount of the judgment subject to the Prompt Payment Act was less than a third of the amount in controversy, and the attorney's fees incurred in prosecuting the claim at issue "likely would have been incurred even if the $25,921.62 had been paid because the remaining funds were subject to disputes."  The court also noted litigating the broom finish claim "likely involved little, if any additional work."

{¶17}  Xtreme timely appeals and raises the following assignment of error:

{¶18}  "The trial court committed prejudicial error when it held that Xtreme was not entitled to attorney's fees under Ohio's Prompt Payment Act, R.C. § 4113.61(B)(1)."

{¶19}  A determination of whether to award attorney's fees is evaluated under an abuse of discretion standard.  *Novy v. Ferrara*, 11th Dist. Portage No. 2014-P-0064, 2015-Ohio-4428, ¶ 15.  This standard is also applied in cases involving awards of attorney's fees under the Prompt Payment Act.  *Frank Novak & Sons, Inc. v. A-Team, L.L.C.*, 2014-Ohio-922, 6 N.E.3d 1242, ¶ 63 (8th Dist.) (whether an award of attorney's fees would be inequitable "lies within the sound discretion of the trial court").  An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'"  *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11.

{¶20}  Pursuant to the Ohio Prompt Payment Act, if a contractor fails to pay a subcontractor within ten days of proper submission of a request for payment in

5

accordance with R.C. 4113.61(A)(1)(a), the contractor must pay "interest in the amount of eighteen per cent per annum of the payment due, beginning on the eleventh day following the receipt of payment from the owner and ending on the date of full payment * * *." R.C. 4113.61(A)(1)(b). Payment can be withheld by the contractor in the event of a good faith dispute. *Mike McGarry & Sons, Inc. v. Marous Bros. Constr., Inc.*, 11th Dist. Lake No. 2009-L-056, 2010-Ohio-823, ¶ 44.

{¶21} When payment is not made in compliance with R.C. 4113.61(A), "the court shall award the prevailing party reasonable attorney fees and court costs" unless the court determines that "the payment of attorney fees to the prevailing party would be inequitable." R.C. 4113.61(B)(1) and (3); *Masiongale Elec.-Mechanical, Inc. v. Constr. One, Inc.*, 102 Ohio St.3d 1, 2004-Ohio-1748, 806 N.E.2d 148, ¶ 17. In deciding whether to award attorney's fees, "the court shall consider all relevant factors, including but not limited to the following: (a) The presence or absence of good faith allegations or defenses asserted by the parties; (b) The proportion of the amount of recovery as it relates to the amount demanded; (c) The nature of the services rendered and the time expended in rendering the services." R.C. 4113.61(B)(2).

{¶22} Xtreme was a prevailing party under the Prompt Payment Act as to the broom finish/back entrance claim. The trial court held that payment was improperly withheld by Foti for this work since November 10, 2012, and awarded the amount owed plus 18% interest under the Prompt Payment Act. At issue is Xtreme's contention that the trial court abused its discretion in finding it would be inequitable to award attorney's fees to Xtreme.

{¶23} It is evident that the trial court considered each of the R.C. 4113.61(B)(2) factors, as well as other pertinent factors, in determining that an award of attorney's fees

6

would be inequitable. It noted the existence of questions by Foti about whether Xtreme should have or had been paid. While it did conclude that Foti improperly withheld the payment for a period of time, there was at least some testimony that there was confusion about payment due to paperwork and conflicts with Associated seeking a lien because of nonpayment by Xtreme. More importantly, the court emphasized the disparity between the attorney's fees requested and the amount of work done for the one claim at issue and noted that it was likely the attorney's fees would have been expended regardless of the dispute on this sole issue.

{¶24} Xtreme raises arguments in relation to each of the findings made by the court. First, Xtreme argues that Foti acted in bad faith by withholding payment and made misrepresentations about payment. As described above, it appears there was a question about what money had been paid and who should be paid. While there was some testimony that Foti may have been inaccurate at points either during mediation or in interrogatories about the money it had received from the school district and whether it was paid to Xtreme, it was not unreasonable for the court to conclude this was due to legitimate confusion or questions rather than "misrepresentation" or being "evasive" as is asserted by Xtreme.

{¶25} Xtreme cites *Masiongale Elec.-Mechanical, Inc. v. Const. One, Inc.*, 10th Dist. Franklin No. 02AP-138, 2002-Ohio-4736, in support of its arguments, noting that the Tenth District determined it is equitable to award attorney's fees where the act of improperly withholding payment to a subcontractor gives rise to litigation and leads to the expenditure of such fees. In *Masiongale*, the court upheld a decision to award fees as equitable. Since we evaluate this claim under an abuse of discretion standard, however, the decision to uphold the award did not amount to a determination that a court could not

7

have decided the matter differently. As the appellate court noted, "the magistrate's decision as a whole shows that the magistrate had before it all the evidence on what occurred in this case—at all relevant points in time. The magistrate determined which of appellant's assertions were acceptable and which were not, and he adjusted the attorney fees award accordingly." *Id.* at ¶ 55. *Masiongale* also specifically notes the need to perform analysis of the R.C. 4113.61(B)(2)(a) attorney's fee factors on a "case-by-case basis." *Id.* at ¶ 52. Here, the court was well within its discretion to evaluate all of the facts and reach a determination based on those facts.

{¶26} To the extent that Xtreme argues Foti's alleged bad faith, or even Foti's failure to act reasonably in making the payment in a prompt manner, renders an attorney's fees award equitable, we emphasize that there are various other factors for consideration as outlined above. If the failure to make the payment in a timely manner, for whatever reason, were the sole ground for awarding attorney's fees, there would be no separate standard for evaluating the equity of a fee award as set forth in R.C. 4113.61(B)(2). It was in the court's discretion to determine whether an award was equitable under *all* of the facts of this case.

{¶27} Xtreme next argues that the court erred in determining no attorney's fees should be awarded when only a portion of the fees were unrelated to the claim at issue. We disagree.

{¶28} The court's reasoning as to this issue was wholly appropriate. Approximately $250,000 of attorney's fees were claimed to have been expended in this entire matter, but Crist testified that attorney's fees in the range of $130,000 to $150,000 should be awarded for work on the broom finish/back-door claim. This is inconsistent with a review of the record, including the pleadings and the transcripts. Xtreme raised

8

claims relating to payment for the back door concrete area, a sidewalk, walk-off mats, and interior foundation work. A large portion of the testimony presented at trial related to a dispute over the pouring of a sidewalk and Xtreme's dispute with its concrete supplier, Associated. Significant time was also devoted to disputing the walk-off mats and the interior work. None of these claims are subject to attorney's fees awards. The witnesses generally testified as to all of the work done and there was no particular expert witness testifying solely to the broom finish work at issue here.

{¶29} The Complaint also raised causes of action that were related to *all* of the disputed concrete work jointly, raising claims regarding prompt payment and breach of contract, which would have been raised regardless of the broom finish claim. Two of the claims also related entirely to Associated, with which Xtreme had a dispute on a different portion of the work. Attorney Crist testified that "the rest of the case would have to be tried no matter what" and that discovery work was "duplicative." He generally stated that a "portion of the trial was spent fighting over legitimately disputed back charges" but did not provide a specific analysis of the work performed for each of the individual disputed areas of work. He also testified that the work which he claimed resulted from Foti's alleged failure to disclose its receipt of payment from Southington totaled only a few hours.

{¶30} As the broom finish/back door claim equaled less than a third of the total recovery requested, and given that the majority of the work would have had to be completed regardless of this particular dispute, it was entirely unreasonable for Crist to claim the work on the back door issue accounted for sixty percent of the attorney's fees. Given this unreasonable testimony and the overall facts of this case, it was not an abuse of discretion for the trial court to decline to accept this testimony and conclude that the

broom finish issue "likely involved little, if any additional work," rendering it inequitable to award attorney's fees. *See Novak*, 2014-Ohio-922, ¶ 63 (even where a party presents "compelling" arguments in support of his argument on fees, this determination lies within the sound discretion of the trial court); *Enyart v. Columbus Metro. Area Community Action Org.*, 115 Ohio App.3d 348, 358, 685 N.E.2d 550 (10th Dist.1996) (it is within the trial court's discretion to determine reasonableness of attorney's fees).

{¶31} To the extent that Xtreme argues the court was not permitted under the statute to have considered the total amount of the contract, which was approximately $800,000, but only the disputed amounts raised at trial, we note that R.C. 4113.61(B) provides a nonexhaustive list of factors to be considered when determining the equity of a fee award. Regardless of the relevance of this consideration, it was only one of several reasons the trial court provided to justify its ruling.

{¶32} Finally, while Xtreme's assertion that the purpose of the Prompt Payment Act is to assure proper and timely payment of subcontractors, it does not follow that this mandates recovery of attorney's fees in every case. *See Novak* at ¶ 63 ("although Novak is entitled to prejudgment interest, the award of attorney fees is not automatic"). Such is the case here, where we cannot find that the trial court's decision to deny attorney's fees was unreasonable such that it would constitute an abuse of discretion.

{¶33} The sole assignment of error is without merit.

{¶34} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed. Costs to be taxed against appellant.


CYNTHIA WESTCOTT RICE, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

10

_____

COLLEEN MARY O'TOOLE, J., dissents with Dissenting Opinion.

{¶35} I respectfully dissent.

{¶36} The majority contends that the trial court properly examined the record and concluded that an award of attorney's fees would be inequitable. For the following reasons, I disagree.

{¶37} In considering the Prompt Payment Act, R.C. 4113.61(B)(2) factors, the trial court wrote, "[A]warding attorney fees would be inequitable as there existed a good faith dispute as what amount of money was owed to Xtreme … the broom finish work was not accepted and paid for by the owner until after litigation had commenced. Thus, this amount was still in dispute when this litigation began. It was, therefore, not unreasonable for Foti to await the outcome of this litigation to determine what was owed to Xtreme." The court also considered that Xtreme requested $130,000-$150,000 in attorney's fees, an amount vastly disproportionate to the amount Foti withheld in bad faith, $25,921.62.

{¶38} Although a trial court has discretion to decide that it would be inequitable to award attorney's fees to the prevailing party under R.C. 4113.61(B)(2), the statutory language shows a presumption for fees. A court "*shall* award the prevailing party reasonable attorney's fees…" R.C. 4113.61(B)(2) (emphasis added). The Prompt Payment Act's purpose is to protect downstream contractors. *See Masiongale,* Electrical Mechanical, Inc. v. Construction One, Inc. 102 Ohio St.3d, 2004 – Ohio – 1738, ¶30.

{¶39} The trial court's conclusion that attorney's fees would be inequitable fails to effectuate the Prompt Payment Act's purpose. Namely, the trial court found that Foti

11

withheld $25,921.62 in bad faith. Because it found that Foti acted in bad faith, it abused its discretion when it subsequently found that Xtreme was not entitled to attorney's fees. Allowing the trial court unlimited discretion to deny attorney's fees even where a contractor withholds payment in bad faith incentivizes a contractor's withholding behavior. If the sum of the contractor's withheld payment is lower than the expected cost for the subcontractor to litigate and demand payment, a contractor will withhold. This is precisely the type of behavior the Prompt Payment Act seeks to eliminate.

**{¶40}** True, the trial court concluded that there was a good faith dispute as to the amount Foti owed Xtreme. Further, the trial court found that Xtreme's claim of $130,000-150,000 in attorney's fees was disproportionate to the amount that Foti withheld in bad faith. However, the proper result of these findings is to lower Xtreme's attorney's fees award, not to fail to effectuate the statute by withholding them altogether.

**{¶41}** For the foregoing reasons, I dissent from the majority.